## STATE v RHOADES
## STATE v HISE
## STATE v KROHMER

Ohio Appeals, 3rd Dist, Crawford Co

No 1207.   Decided May 9. 1929

Louis H. Kreiter, Galion and J. D. Sears, Bucyrus, for State.

Edward J. Myers, W. J. Schwenck and Arden W. Wisman, all of Bucyrus, for Rhoades, et.

HUGHES, J.

It is claimed by the defendants, that their constitutional rights and privileges have been denied them, while it is answered by the state that there is no constitutional right taken from them because the constitution guarantees a jury only in felony cases.

It is not a constitutional right involved, but (if there be a right at all) it is a statutory right.

Section 13424 GC provides that the probate court shall have concurrent jurisdiction with the court of common pleas in all misdemeanors.

It will be observed that there is no jurisdiction given the probate court in felonies.

Section **13451 GC,** does not, in specific terms, give the right to the defendant to a jury trial, but implies that the probate court shall proceed and hear the case only in the event the defendant does not demand a jury. But **13452 GC,** provides specifically that before any testimony is taken, the defendant may demand a jury and if such demand is made, a jury shall be impaneled.

There can be little doubt but that the statute gives to the defendant being being tried before a probate court, a right to demand a jury trial in misdemeanor cases, because such cases are the only ones the probate court is given jurisdiction over. The law is uniform in that it applies to all probate courts of the state, and we hold that the defendants in these cases were deprived of a right to a jury trial given them by statute upon demand therefor.

The argument of the state that **13452 GC** must have been passed to insure a jury trial in felonies only, overlooks the fact that the legislature has given to the probate court no jurisdiction in felonies, and that if effect is to be given the statute at all, it must be held to apply to misdemeanor cases.

The sentences, failing to add "stand committed until paid or otherwise discharged by law", are erroneous, but do not call for reversals of the convictions. This error would be corrected by re-sentence were the convictions not reversed for other reasons.

We hold that, the affidavits upon which the informations are founded, are good in law. The addition that affiiant believes the defendant guilty of the facts charged, may be treated as surplusage. Nor were the affidavits bad for duplicity.

**Triplett v. State, 22 C. C. (N. S.) 172.**

Before Judges Hughes, Justice & Crow.